No. 21-1415

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

_____

SARA VITLLOCH ROQUE

**Plaintiff-Appellant**

v.

METROHEALTH, INC. d/b/a HOSPITAL METROPOLITANO

**Defendant-Appellee**

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

_____

## <u>BRIEF OF PLAINTIFF-APPELLANT SARA VITLLOCH ROQUE</u>

**JORGE L. MARCHAND HEREDIA**
CA BAR NUMBER 1139578
District Court Bar Number 223712
*Attorney for Appellant*
P.O. BOX 364273
SAN JUAN, P.R. 00936-4273
Tel. (787)428-3533
Fax. (787)766-1599
jorgeluismarchand@gmail.com
Attorneys for Plaintiff-Appellant

1

## TABLE OF CONTENTS

**I. JURISDICTIONAL STATEMENT**......................................................................**4-5**

**II. STATEMENT OF THE ISSUES**.....................................................................**5-6**

**III. STATEMENT OF THE CASE (FACTS)**......................................................**6-11**

**IV. SUMMARY OF ARGUMENT** ......................................................................**11**

**V. ARGUMENT**..................................................................................................**11-24**

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

**I. Whether the Honorable District Court Erred when it granted defendant's motion for summary judgment and dismiss the case.**

**VI. CONCLUSION AND PRAYER**.....................................................................**24**

**VII. CERTIFICATE OF COMPLIANCE**...........................................................**25**

**VIII. CERTIFICATE OF SERVICE**...................................................................**26**

# TABLE OF AUTHORITIES

## Statutes

American with Disabilities Act, 42 U.S.C sec. 1210……………………… 4,13-19

Age Discrimination in Employment Act of 1967 ("ADEA"),
29 U.S.C. sec 621 *et seq* …………………………………………………….... 4,19-22

28 U.S.C.A. §1291 and §41 ……………………………………………..…... 5

28 U.S.C. § 1331 ..………………………………………………………… 4

28 U.S.C.A. §1367………………………………………………………..5

Law No. 80 of May 30, 1976, 29 LPRA secs. 185(a) et seq……………..5, 24

Act. Law. No. 115 of December 20, 1991………………………………..5,23

Federal Rules of Appellate Procedure 3(a)(1) and 4(1)(A)……………… 5

## Cases

Velázquez-Pérez v. Developers Diversified Realty Corp., 753 F.3d 265, 270 (1st Cir. 2014)…………………………………………………………………….…..12

Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)……………………..12

García–Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 (1st Cir.2000)…14

Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 102 (1st Cir. 2007) …14

Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003)…..…………..14

Enica v. Principi, 544 F.3d 328, 338 (1st Cir. 2008)……………………………14-15

Kvorjak v. Maine, 259 F.3d 48, 52 (1st Cir. 2001)…………………………… 15

EEOC v. Kohl's Dep't Stores, Inc., 774 F.3d 127 (1st Cir. 2014). ………..…..15

McDonnell Douglas Corp. v.. Green, 411 U.S. 792 (1973)………………………16

Tobin v. Liberty Mut. Ins. Co ., 433 F.3d 100, 104 (1st Cir.2005)………………..16

Freadman v. Metropolitan Property and Cas. Ins. Co., 484 F.3d 91, 99 (1st Cir.2007)..16

Laurin v. Providence Hosp., 150 F.3d 52, 58 (1st Cir.1998)………………………17

McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 357 (1995)………………19

Melendez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30, 33 (1st Cir.2001)……19

Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir.2006)………...20

Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 78 (1st Cir.2005)..21

Lupu v. Wyndham El Conquistador Resort and Golden Door Spa, 524 F.3d 312, 313 (1st Cir.2008)……………………………………………………………………..22

Srio. del Trabajo v. I.T.T., 108 D.P.R. 536, 546 (1979)………………………………23

Hawayek v. A.F.F., 123 D.P.R. 526 (1989)…………………………………………...23

Delgado Zayas v. Hosp. Interamericano, 137 D.P.R. 643, 650 (1994))……………….23

No. 21-1415

_____

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

_____

SARA VITLLOCH ROQUE

**Plaintiff-Appellant**

v.

METROHEALTH, INC. d/b/a HOSPITAL METROPOLITANO

**Defendant-Appellee**

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

_____

## BRIEF OF PLAINTIFF-APPELLANT SARA VITLLOCH ROQUE

**TO THE HONORABLE COURT:**

The herein above-named party, plaintiff-appellant (hereinafter referred to as the "Appellant"), hereby presents its Apellant's Brief pursuant to Rule 28(a) of the Federal Rules of Appellant procedure ("FRAP").

## I. JURISDICTIONAL STATEMENT

(A) The United States District Court for the District of Puerto Rico Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, American with Disabilities Act, 42 U.S.C sec. 12101, and Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. sec 621 *et seq*. The issues in the present case relate to employment discrimination by the defendant against the appellant.

Furthermore, the United States District Court for the District of Puerto Rico Court has federal jurisdiction pursuant to 28 U.S.C. sec. 1367 for the causes of action invoked under the Constitution and laws of the Commonwealth of Puerto Rico

(B) The Honorable Court of Appeals for the First Circuit has jurisdiction over this appeal under 28 U.S.C.A. §1291 and §41; the Federal Rules of Appellate Procedure, drawn under the authority of 28 U.S.C. §2072; and the rules promulgated by this Honorable Court of Appeals for the First Circuit under the authority of 28 U.S.C. §2071.

This is an appeal from a judgement issued by the District Court for the District of Puerto Rico granting defendant's motion for summary judgment and dismissing the case (**See, Appendix p. 550-566**) even though there are issues of fact in this case and the fact the Court determined that the unilateral imposition by the employer of an unpaid leave absence of more than 90 days is not an adverse employment action.

## II. STATEMENT OF THE ISSUES

The instant appeal requires the revision of a judgment issued by the District Court granting defendant's motion for summary judgment and dismissing the case based on an Opinion and Order (**See, Appendix p. 550-566**).

Appellant believe the District Court judgment dismissing plaintiff's complaint must be vacated since in defendant´s motion for summary judgment: (1) was not supported by enough admissible document or affidavit, (2) there are issues of fact that must be resolved by a jury at trial; and (3) based on the record, a reasonable fact-finder could conclude that the unilateral imposition to plaintiff of unpaid leave was a termination that was

discriminatory and retaliatory due to her disability and the fact that she filed a discrimination charge. Further, it can also be concluded by a reasonable jury that the alleged non discriminatory reason by the employer is inexistent or not supported in any way whatsoever by the record or was pretext.

### III. STATEMENT OF THE CASE (FACTS)

**A. Procedural facts:**

**1.**     On January 14th, 2019, Appellant filed a complaint against defendant alleging violations of the American with Disabilities Act ("ADA"), 42 U.S.C sec. 12101, Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 623(a)(1); of Law. No. 100 of June 30, 1959, 29 LPRA secs. 146, *et seq*. through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367; Law No. 80 of May 30, 1976, 29 LPRA secs. 185(a) et seq., through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367 of Act. Law. No. 115 of December 20, 1991, through a pendent jurisdiction procedure. (**See, Appendix p. 1-7**).

**2.**     Plaintiff move the District Court to find that the defendant discriminated against plaintiff because of her disability and her age by allowing her supervisor Mrs. Elizabeth Gotay to submit her to hostile work environment, depriving her of a discrimination-free environment, which concluded in her termination on November 3, 2017 using as a pretext that they could not provide a reasonable accommodation in order to address her respiratory condition.

**3.**     Later, after plaintiff filed a complaint on November 27th, 2017 on the Anti Discrimination Unit and EEOC for her termination, in a hearing held on January 31, 2018, the defendant change course and allow plaintiff to get back to work. However, when she presented herself to work, Mrs. Gotay with the defendant's blessing, started a pattern of retaliation against her.

**4.**     On May 19, 2020, defendant filed a Motion for Summary Judgment asking the District Court to dismiss Plaintiff's Complaint in its entirety. (**See, Appendix p. 42-100**).

**5.**     Defendant incorrectly alleged that Plaintiff failed to establish a *prima facie* case of discrimination, that the incidents of discrimination are not adverse employment actions or in case there were is was for legitimate, non-discriminatory reasons and that there is no evidence of pretext of discriminatory motives. On that same date the Defendant submitted its Proposed Statement of Uncontested Facts with Exhibits. (**See, Appendix p. 101-473**)

**6.**     On July 23, 2020, appellant filed her opposition to the motion for summary judgment in which she argued that Defendant's Motion for Summary Judgment should be denied because, based on the record, a reasonable fact-finder could conclude that there that the adverse employment actions suffered by plaintiff were discriminatory and retaliatory due to her disability. (**See, Appendix p. 474-523**)

**7.**     Further, it can also be concluded by a reasonable jury that the alleged non discriminatory reasons proffered by defendant for plaintiff's termination and retaliation are inexistent or not supported in any way whatsoever by the record or was a pretext.

**8.**    Notwithstanding, the Honorable District Court issued a Judgment on April 12, 2021 dismissing the complaint based on an Opinion and Order issued on March 31, 2021. (**Appendix p. 550-566**) Appellant filed her notice of appeal requesting review of said judgment.

**B.    Material Facts**

**9.**    Appellant began working for the Defendant on June 3,1997. Her duties at that moment were installing a new computer program for incomplete medical records and substituting an encoder that was on vacation. At that moment plaintiff's supervisor was Mrs. Ruth García.

**10.**    Then on 2002, plaintiff started to officially occupy the position of Incomplete Medical Records Technician which, among other things, entailed dealing directly with the doctors and other health professionals. Plaintiff executed her duties efficiently. At that moment Mr. Elizabeth Gotay ("Gotay") started to supervise plaintiff.

**11.**    Plaintiff worked at that position until 2014, a time when Gotay decided to start a campaign against plaintiff by creating a discriminatory hostile environment in order to force her resignation from the hospital because of her age and disability.

**12.**    Specifically plaintiff has a pulmonary condition that, as we will discuss further along, she requested a reasonable accommodation that consisted of moving her from an area that had fungus, fumes, vapors, humidity and affected her health.

**13.**     The campaign started on April 2014, when Gotay fabricated a sexual harassment case against appellant in which it was falsely alleged that she improperly touched the shoulder of a younger male fellow worker.

**14.**     The fellow worker never formally filed a complaint against plaintiff, it was Gotay that promoted the false accusation.

**15.**     Gotay used said accusation as an excuse to remove plaintiff from her position and move her to a new one in which she did not have any experience and training expecting her to fail to have an excuse to either terminate Vitlloch or for her to resign.

**16.**     In this new position, even though Gotay was the main supervisor, she assigned Mrs. Mildred Miró ("Miró") as her direct supervisor in said position. Miró recognizes that this position change was arbitrary and that plaintiff was put in a position to fail.  Appellant included with her opposition to the motion for summary judgment a statement under penalty of perjury from Miro. (**Appendix p. 514-515**)

**17.**     Furthermore, Gotay continue his harassment and hostile environment towards plaintiff based on her age and disability until September 2017. Gotay treated Vitlloch as she did not existed, not making eye contact except on the occasions she would unjustifiably criticized her job performance.

**18.**     Gotay would make reference all the time to plaintiff age and make comments about how old she is and that she should not be working. Plaintiff filed various complaints and grievances against Gotay, but the employer did nothing to address this harassment and hostile environment towards plaintiff because of her age.

**19.**     On October 2017, after the Hurracaine María hit the island, appellant requested a reasonable accommodation consisting of moving her from her working area because it had fungus, fumes, vapors, humidity and affected a pulmonary condition she has. This kind of request is common with the employer. She submitted with her request a certification from the doctor establishing her respiratory condition. (**See, Appendix p. 471**)

20.     Notwithstanding, the defendant denied plaintiff's request and never had a interactive process with her as required by law.

21.     The defendants response to this request was to suspend plaintiff indefinitely without pay from her job. This adverse action was motivated by plaintiff disability.

22.     The request was not burdensome to defendants.   It is appellant's position that all of the above constitute discrimination on basis of plaintiff disabilities because her suspension and hostile work environment was based on her disability and age. Said discrimination has caused plaintiff physical damages and emotional distress. Appellant established in her opposition to the motion for summary judgment that in this case there were issues of fact that merited taking this case into a jury trial.

23.     The appellant, on November 27th, 2017, filed a complaint before the Anti Discrimination Unit of Puerto Rico and the EEOC, case number uadau17-448c; 16H-2018-00045C, alleging in essence, that she had been illegally and discriminatorily suspended, based on her age and disability.

24.     On the said administrative proceeding in a hearing held on January 31, 2018, the defendant agreed to reinstate appellant. During the litigation defendant denied this fact and

the appellant had to submit as part of her opposition to the motion for summary judgment a statement under penalty of perjury of the lawyer that represented her in the administrative proceeding. (**See, Appendix p. 518-519**)

25.     Furthermore, the defendant unjustifiably delayed the reinstatement of appellant by 4 days, then, when she started working they did not assigned her any duties to do and her direct supervisor Miró told her the instructions by Gotay was to mistreat her. All this constituted retaliation in violation of federal and state law.

## IV. SUMMARY OF ARGUMENT

The appearing party respectfully request from the Honorable Court to reverse the judgment dismissing the case because the District Court erred in its decision because defendant´s motion for summary judgment: (1) was not supported by enough admissible document or affidavit, (2) there are issues of fact that must be resolved by a jury at trial; and (3) based on the record, a reasonable fact-finder could conclude that the unilateral imposition to plaintiff of unpaid leave was a termination that was discriminatory and retaliatory due to her disability and the fact that she filed a discrimination charge. Further, it can also be concluded by a reasonable jury that the alleged non discriminatory reason by the employer is inexistent or not supported in any way whatsoever by the record or was pretext.

## V. ARGUMENT

## A. STANDARD OF REVIEW

It is well settled law in this Circuit that the review of a district court's grant of summary judgment is de novo. <u>Velázquez-Pérez v. Developers Diversified Realty Corp.</u>, 753 F.3d 265, 270 (1st Cir. 2014). Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

This Honorable Court considers a dispute genuine if "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." <u>Velázquez-Pérez</u>, 753 F.3d at 270. But "[c]onclusory allegations, improbable inferences, and unsupported speculation[] are insufficient to establish a genuine dispute of fact." *Id*

To succeed in showing that there is no genuine dispute of material fact, the moving party must direct this Honorable Court to specific evidence in the record that would be admissible at trial. That is, it must "affirmatively produce evidence that negates an essential element of the non-moving party's claim," or, using "evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial." <u>Carmona v. Toledo</u>, 215 F.3d 124, 132 (1st Cir. 2000) "[I]f the summary judgment record satisfactorily demonstrates that the plaintiff's case is, and may be expected to remain, deficient in vital evidentiary support, this may suffice to show that the movant has met its initial burden." Id. at 133. Appellant will show in this brief that she has met this burden and show there are issues of fact in this case that make the dismissal of the case an error by the District Court.

**Whether the Honorable District Court Erred when it granted defendant's motion for summary judgment and dismiss the case.**

## I.    AMERICAN WITH DISABILITIES ACT

Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The purpose of the ADA is to protect qualified individuals from disability-based employment discrimination. *Id.,* § 12112(a). Accordingly, it encompasses all employment practices, including, but not limited to, job application procedures, hiring, firing, advancement, and compensation. *Id.*

The ADA prohibits covered employers from discriminating against a qualified individual with a disability. 42 U.S.C. § 12112(a). A qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). **Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless ... the accommodation would impose an undue hardship on the operation of the business**." Id. § 12112(b)(5)(A).

Whether an individual is qualified under the ADA is a two-step analysis. See 29 C.F.R. § 1630.2(m). The employee bears the burden to show, first, that he possesses the requisite skill, experience, education, and other job-related requirements for the position, and second, that she is able to perform the position's essential functions with or without reasonable accommodation. García–Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 (1st Cir.2000). Plaintiff complies with the above. That is not even in controversy in this case. In

that regard this Honorable Court could see that the appellant submitted to the employer a letter from her doctor certifying she was able to perform her functions. (**See, Appendix p. 471**). Her doctor also fill out all the required documentation for the employer in order to obtain the reasonable accommodation. (**See, Appendix p. 448-458**)

To establish a case of disability discrimination under the ADA, the employee must establish that: "'(1) is disabled within the meaning of the ADA, (2) was able to perform the essential functions of the job with or without a reasonable accommodation, and (3) The employer, despite knowing of employee's disability, did not reasonably accommodate it.'" Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 102 (1st Cir. 2007) (quoting Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003).

The appellant satisfied all these requisites. She was disabled within the meaning of the act, she was able to perform her functions, and the employer did not reasonably accommodate her.

Under the third element, an employee's request for accommodation sometimes creates "a duty on the part of the employer to engage in an interactive process." See Enica v. Principi, 544 F.3d 328, 338 (1st Cir. 2008). The interactive process involves an informal dialogue between the employee and the employer in which the two parties discuss the issues affecting the employee and potential reasonable accommodations that might address those issues. See 29 C.F.R. § 1630.2(o)(3). It requires bilateral cooperation and communication. See Enica, 544 F.3d at 339.

The appellant recognizes that this Honorable Court does not regard an employer's participation in the interactive process as an absolute requirement under the ADA. Instead, this Honorable Court have held that will "resolve the issue on a case-by-case basis." Kvorjak v. Maine, 259 F.3d 48, 52 (1st Cir. 2001). However, this Honorable Court has emphasized that it is imperative that both the employer and the employee have a duty to engage in good faith, and that empty gestures on the part of the employer will not satisfy the good faith standard. See  EEOC v. Kohl's Dep't Stores, Inc., 774 F.3d 127 (1st Cir. 2014).

The record shows that the employer in this case never engaged in good faith with the appellant. As already stated the appellant submitted to the employer a letter from her doctor certifying she was able to perform her functions. (**See, Appendix p. 471**), and he also fill out all the required documentation for the employer in order to obtain the reasonable accommodation. (**See, Appendix p. 448-458**). These documents were submitted on November 1, 2017. On November 3, 2017, the employer, without having any discussion with the appellant, gave her a letter unilaterally imposing a indefinite leave without pay, in order words, termination. (**See, Appendix p. 459-460**). They did not even ask her whether she was willing to work without accommodation. The District Court ignored this evidence on the record.

In this case in which an adverse action was taken against the appellant, to succeed under the ADA, in the absence of direct evidence of discrimination, a party must rely on the three-pronged burden-shifting framework established in McDonnell Douglas Corp. v.. Green, 411 U.S. 792 (1973). Under this framework, a plaintiff must first make a prima facie showing of

disability discrimination by proving through a preponderance of the evidence that he was 1) disabled within the meaning of the Act; 2) able to perform the essential functions of her job, with or without reasonable accommodation; and 3) discharged or adversely affected, in whole or in part, because of her disability. Tobin v. Liberty Mut. Ins. Co ., 433 F.3d 100, 104 (1st Cir.2005). If the plaintiff satisfies the first prong of the framework, the burden then shifts to the defendant, who must articulate a legitimate, non-discriminatory reason for its employment decision and produce credible evidence to show that the reason advanced was the real reason. Freadman v. Metropolitan Property and Cas. Ins. Co., 484 F.3d 91, 99 (1st Cir.2007).

Once defendant offers a legitimate non-discriminatory reason, the initial inference of discrimination evaporates, and the burden then shifts back to the plaintiff. At this stage, the plaintiff must advance evidence to establish that defendant's non-discriminatory justification is a mere pretext cloaking discriminatory animus. Freadman, 484 F.3d at 99. In other words, "the plaintiff must muster proof that enables a fact finder to rationally conclude that the stated reason behind the adverse employment decision is not only a sham, but a sham intended to cover up the proscribed type of discrimination." Laurin v. Providence Hosp., 150 F.3d 52, 58 (1st Cir.1998).

Plaintiff in this case complies with said framework:  a) she is disabled within the meaning of the act; b) she is able to perform her job satisfactorily with or without reasonable accomodation; c) she suffered and adverse employment action by being terminated or suspended for 90 days after her request for reasonable accommodation..

Evidently, plaintiff complies with the prima facie case of disability discrimination. Therefore, it is now up to defendant to profer a legitimate, non-discriminatory reason for plaintiff's termination.

In this case Defendant argued that it was impossible to give a reasonable accommodation to plaintiff because there was not a place in the hospital that was not humid that plaintiff could do her job. So the defendant, instead of explaining the situation to plaintiff and ask her whether she was willing and able to continue to work on those conditions, they unilaterally decided to impose a 90 day leave without pay which is for all intended purposes a termination. All this coincides with Mrs. Gotay's agenda of removing plaintiff of her employment.

To support the contention that giving a reasonable accommodation was an impossible task the defendant did not include a single document or testimony that showed that the conditions at the hospital were impossible to accommodate plaintiff. They did not present any evidence to show that the conditions were so dangerous to plaintiff's health that the only alternative was to remove her from the work area. They did not provide any evidence to deny Mrs. Gotay actions and controvert plaintiff and her witnesses testimony. Defendant did not present any evidence to show that the November 3, 2017 decision to remove plaintiff from her work was not motivated by her condition. On the contrary, defendant basically admitted that the reason for the removal was plaintiff's condition and her request for reasonable accommodation.

By contrast the appellant presented witnesses testimony that attested Mrs. Gotay's agenda towards plaintiff that started from 2014. (**See, Appendix p. 514-517**) The defendant tried to mislead by arguing that plaintiff never requested reinstatement and did not do the necessary steps with her doctor to come back to work. Defendant is basically suggesting that plaintiff accepted the leave without pay and did nothing to return to work until miraculously she appeared on February 1, 2018 at the Hospital to work. This was a coarse attempt to mislead the Distrcit Court.

In reality Defendant knew that Plaintiff filed on November 27th, 2017, filed a complaint before the Anti Discrimination Unit of Puerto Rico and the EEOC, case number uadau17-448c; 16H-2018-00045C, alleging in essence, that she had been illegally and discriminatorily suspended, based on her age and disability. In her complaint she requested reinstatement. (**See, Appendix p. 520-523**). The appellant clearly contested the defendant's decision against her and wanted to return to work. However, it is obvious that she couldn't come back to work until the complaint was resolved or the defendant allow her to. However, the District Court dismiss the case in part because it ruled that the leave without pay was not an adverse action when it clearly was a termination.

In that regard, precisely Plaintiff presented herself to work on February 1, 2018 because in a hearing held on January 31, 2018 in the Anti Discrimination Unit of Puerto Rico case number uadau17-448c; 16H-2018-00045C, the defendant, even though the parties could not completely settle the case, agreed to reinstate plaintiff to her work without any conditions.

The fact that the defendant agreed to reinstate plaintiff, does not mean that the November 3, 2017 action is not a termination nor does it mean that it was not motivated by discrimination.

It is very respectfully submitted that plaintiff did met the burden of proving a prima facie case discrimination under ADA against defendant and that defendant did not, in any way whatsoever, there is absolutely no admissible evidence on the record to show the existence of a legitimate and non discriminatory reason to impose the leave without pay that was the equivalent of a termination.

## II   AGE DISCRIMINATION IN EMPLOYMENT ACT

"[E]nacted in 1967 as part of an ongoing congressional effort to eradicate discrimination in the workplace," McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 357 (1995), the ADEA makes it unlawful for an employer to "discharge ... or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must establish that he "suffered an adverse job action, that this was motivated by age, and that he suffered injury as a result of it." Melendez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30, 33 (1st Cir.2001).

Pursuant to the ADEA, an employer is prohibited from taking an adverse employment action against an employee who is forty years of age or older because of that employee's age. See 29 U.S.C. §§ 623(a)(1), 631(a). When an employee claims to have been discharged in violation of the ADEA, he must shoulder the ultimate 'burden of proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his

age.' Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir.1991). When direct evidence of age discrimination is lacking, an employee may utilize the McDonnell Douglas, 411 U.S. 792 (1973), burden-shifting framework to carry his burden. *Id*.

The initial step in the burden-shifting framework requires the employee to establish a prima facie case of age discrimination. To do so, the plaintiff-employee must set forth facts showing each of the following: (i) that he was at least forty years old at the time of the adverse employment action complained of; (ii) that his job performance met or exceeded the employer's legitimate expectations; (iii) that his employer actually or constructively discharged him; and (iv) that his employer had a continuing need for the services he had been performing. Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 119 (1st Cir.2005). Upon a sufficient prima facie showing, the burden of production shifts to the defendant-employer "to articulate a legitimate, nondiscriminatory basis for its adverse employment action." Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir.2006)

The employer's burden is minimal-it need do no more than articulate a reason which, on its face, would justify a conclusion that the plaintiff was let go for a nondiscriminatory motive. *Id*. **Once the employer has satisfied this requirement, the burden shifts back to the employee, who must then show, by a preponderance of the evidence, that the reason given by the employer for the discharge is pretextual, and, moreover, that it is pretext for age discrimination**. At this stage in the proceedings, "this question reduces to whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable

factfinder to conclude that he was fired because of his age." Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 78 (1st Cir.2005).

The Apellant in this case complies with the framework set forth in McDonnell Douglas Corp. v. Green, supra. She is more than 40 years old. Her job exceeded the employer legitimate expectations. She was discharged and there was a need for her services. A younger employee was favored over her.

The Appellant showed that she has a prima facie case, She is part of the protected age, she suffered adverse actions by her supervisor and younger employees were treated more favorably.

In this case, plaintiff has presented evidence of a hostile work environment towards plaintiff engineered by Mrs. Gotay that started way back in 2014.  Plaintiff has presented statements from 2 witnesses that can establish that from 2014 she has suffered a hostile working environment from Mrs. Gotay. Other employees, including plaintiff direct supervisor Mrs. Mildred Miro, saw how Mrs. Gotay harass, persecuted and mistreated plaintiff. That conduct from Mrs. Gotay was principally to older employees. Mrs. Gotay told Mrs. Mildred Miro that she wanted to terminate plaintiff because it was time for her to retire. Mrs. Gotay treated younger employees better and preferably. (**See, Appendix p. 514-517**).

It is very respectfully submitted that plaintiff does meet the burden of proving a prima facie case discrimination under ADEA against defendant and that defendant did not, in any way whatsoever, there is absolutely no admissible evidence on the record to show the existence of a legitimate reason for the employer's actions.

### III.    Act. 115 of December 20, 1991

Law 115 reads, in relevant part:

> (a) No employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law.29 L.P.R.A. § 194a.

In order to establish a *prima facie* case under Law 115, the employee must establish "through direct or circumstantial evidence" that "she (a) participated in an activity protected by §§ 194 *et seq.* and (b) she suffered adverse employment action ." <u>Lupu v. Wyndham El Conquistador Resort and Golden Door Spa</u>, 524 F.3d 312, 313 (1st Cir.2008). The framework is similar to the retaliation cases under Title VII.

Therefore, as stated before, Plaintiff on November 27th, 2017, filed a complaint before the Anti Discrimination Unit of Puerto Rico and the EEOC, case number uadau17-448c; 16H-2018-00045C, alleging in essence, that she had been illegally and discriminatorily suspended, based on her age and disability.

On the said administrative proceeding in a hearing held on January 31, 2018, the defendant agreed to reinstate plaintiff. However, the defendant unjustifiably delayed her reinstatement by 4 days, then, when she started working they did not assigned her any duties to do and her direct supervisor Miró told her the instructions by Gotay was to mistreat her.

In this case, plaintiff clearly complies with the prima facie case under Act 115. She filed a administrative complaint in the Anti Discrimination Unit and after that received an

adverse employment action. The defendant did not provide any explanation for the delay of reinstating the appellant.

## IV.    Unjust dismissal Under Puerto Rico Law 80 of 1976

The employer who alleges just cause for a discharge has the burden of proving with a preponderance of the evidence that the discharge was justified. The burden of proof thus shifts from the plaintiff to the defendant, who bears the *onus probandi*. Arts. 2 and 8 of Act No. 80; Srio. del Trabajo v. I.T.T., 108 D.P.R. 536, 546 (1979). The employer must persuade the trier of facts of the nonexistence of the presumed fact: the unjustified discharge. Hawayek v. A.F.F., 123 D.P.R. 526 (1989).

If an employee brings a claim under **Law 80**, the employer has the burden to prove that the **dismissal** was justified. P.R. **Laws** Ann. tit. 29, § 185k; Varela Terón v. Banco Santander de P.R., 257 F.Supp.2d at 464. "Accordingly, **Law 80** establishes a presumption of unjust **dismissal** against employers." Varela Terón v. Banco Santander de P.R., 257 F.Supp.2d at 464 (citing Díaz v. Wyndham Hotel Corp., 155 D.P.R. 364 (2001); Arce v. Martínez, 146 D.P.R. 215, 230 (1998); Delgado Zayas v. Hosp. Interamericano, 137 D.P.R. 643, 650 (1994)). Article 5 of Act 80 establishes that a suspension of 90 days is considered termination. Article 5 of the law establishes that any leave or suspension of 90 days or more is considered termination, like in this case.

As it has been discussed, under said law the appellant's leave without pays of 90 days is clearly a termination and on the record there is absolutely no evidence that justifies her termination on November 3, 2017. Defendant has the burden of proving plaintiff's termination

to be for just cause or it is presumed that it is a wrongful discharge. Since defendant has not

met its burden, the District Court should have denied the motion for summary judgment.

## VI. CONCLUSION AND PRAYER

It is clear from the record of this case that the District Court erred in its analysis of

the important elements of this case. The District Court erred in determining that appellant's

leave without pay was not an adverse action. The District Court erred in determining that

in this case there were no issues of fact to be resolve by a jury. In that regard, it is

respectfully requested from this Honorable Court that the judgment issued by the District

Court and as consequence return the case for the continuation of the proceedings.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of November of the year 2021.

S/Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA**
**LAW OFFICE**
CA BAR NUMBER 1139578
District Court Bar Number 223712
*Attorney for Appellant*
P.O. BOX 364273
SAN JUAN, P.R. 00936-4273
Tel. (787)428-3533
Fax. (787)766-1599
jorgeluismarchand@gmail.com

## VII. CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements and

Type Style Requirements.

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, before the filing of the present Brief.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in "Times New Roman" 14 point font.

<div style="margin-left:40%">

S/Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA**
**LAW OFFICE**
CA BAR NUMBER 1139578
District Court Bar Number 223712
*Attorney for Appellant*
P.O. BOX 364273
SAN JUAN, P.R. 00936-4273
Tel. (787)428-3533
Fax. (787)766-1599
jorgeluismarchand@gmail.com

</div>

## VIII. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsels of record.

In San Juan, Puerto Rico, this 1st day of November of the year 2021.

S/Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA**
**LAW OFFICE**
CA BAR NUMBER 1139578
District Court Bar Number 223712
*Attorney for Appellant*
P.O. BOX 364273
SAN JUAN, P.R. 00936-4273
Tel. (787)428-3533
Fax. (787)766-1599
jorgeluismarchand@gmail.com

No. 21-1415

_____

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

_____

SARA VITLLOCH ROQUE

**Plaintiff-Appellant**

v.

METROHEALTH, INC. d/b/a HOSPITAL METROPOLITANO

**Defendant-Appellee**

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

ADDENDUM INDEX

DKT 40 Opinion and Order………...………………………………… 1-16

DKT 41 Judgement…………………………………..……………..17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

SARAH VITLLOCH-ROQUE,

    **Plaintiff,**

        v.

METROHEALTH, INC.,

    **Defendant.**

CIVIL NO. 19-1038 (JAG)

## OPINION AND ORDER

GARCIA GREGORY, D.J.

Plaintiff Sarah Vitlloch-Roque ("Plaintiff") brought this action against Defendant Metrohealth, Inc. ("Defendant"), alleging disability and age discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); Puerto Rico Law No. 44 of July 2, 1985, P.R. LAWS ANN. tit. 1, § 501 ("Law 44"); Puerto Rico Law No. 100 of June 30, 1959, P.R. LAWS ANN. tit. 29, § 146 ("Law 100"); and Puerto Rico Law No. 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, § 194a ("Law 115"). Docket No. 1. Pending before the Court is Defendant's Motion for Summary Judgment, Docket No. 18; Plaintiff's Opposition, Docket No. 26; and Defendant's Reply, Docket No. 36. For the following reasons, Defendant's Motion is hereby **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## STANDARD OF REVIEW

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

*See* Fed. R. Civ. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of either party, and it is material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party . . . ." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). The non-movant must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." *Iverson v. City of Bos.*, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted).

In evaluating a motion for summary judgment, the Court must view the entire record "in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Winslow v. Aroostook Cty.*, 736 F.3d 23, 29 (1st Cir. 2013) (quoting *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000)). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 134 (1st Cir. 2013) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). Throughout this process, courts cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. *See Anderson*, 477 U.S. at 255; *Garcia-Gonzalez v. Puig-Morales*, 761 F.3d 81, 99 (1st Cir. 2014) (citations omitted).

<div align="center">ANALYSIS[1]</div>

## I.   Time-Barred Claims

Defendant argues that any claim related to Plaintiff's reassignment from the position of "Incomplete Medical Records Technician" to "Information Management Clerk" in 2014 is time-barred. Docket No. 18 at 11-13. The Court agrees.

Both the ADA and ADEA provide that claimants seeking relief under these statutes must file a discrimination charge within 300 days of the alleged actionable conduct. *See* 42 U.S.C. § 12117; 29 U.S.C. § 626(d)(1)(B). Discrete acts of discriminatory conduct occurring more than 300 days before the filling of such a charge are time-barred. *Fontanez-Nunez v. Janssen Ortho LLC*, 447 F.3d 50, 55 (1st Cir. 2006); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. [] [E]ach discrete act starts a new clock for filing charges alleging that act."). In this Circuit, discrete acts include termination, failure to promote, failure to assign work, relocation, and transfer, among others. *See Ayala v. Shinseki*, 780 F.3d 52, 57 (1st Cir. 2015); *Rivera v. P.R. Aqueduct & Sewers Auth.*, 331 F.3d 183, 188 (1st Cir. 2003).

Plaintiff's reassignment occurred on May 12, 2014, yet she did not file a discrimination charge before the Anti-Discrimination Unit ("ADU") of the Puerto Rico Department of Labor and Human Resources or the U.S. Equal Employment Opportunity Commission ("EEOC") until November 27, 2017, more than 1,200 days after the discrete act occurred. *See* Docket No. 27-5. As

---

[1] In accordance with Local Rule 56(e), the Court only credits facts properly supported by specific and accurate record citations. The court has disregarded all argumentative and conclusory allegations, speculations, and improbable inferences disguised as facts. *See Forestier Fradera v. Mun. of Mayaguez*, 440 F.3d 17, 21 (1st Cir. 2006); *Medina-Munoz*, 896 F.2d at 8. The Court will discuss the relevant facts throughout the analysis.

such, any claims related to the May 2014 reassignment are time-barred and must be **DISMISSED WITH PREJUDICE**.

## II.   Disability Discrimination – ADA

Plaintiff's ADA claim is governed by the *McDonnell Douglas* burden-shifting framework.[2] A *prima facie* case of disability discrimination requires a showing "(1) that she was 'disabled' within the meaning of the ADA; (2) that she was able to perform the essential functions of her job with or without accommodation; and (3) that she was discharged or adversely affected, in whole or in part, because of her disability." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. 2008). The defendant must then "articulate a legitimate, nondiscriminatory reason for its employment action." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003). After, the burden shifts back to the plaintiff, who must "present enough evidence to create a material issue of fact that defendants' non-discriminatory justification for [the adverse employment action] is mere pretext and that the actual reason for the adverse employment action was disability discrimination." *Rivera-Garcia v. Sistema Univ. Ana G. Mendez*, 442 F.3d 3, 5 (1st Cir. 2006) (citing *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 104-05 (1st Cir. 2005)). For failure to accommodate claims, a plaintiff must show that (1) she is a disabled individual under the ADA, (2) is otherwise qualified, and (3) the defendant employer knew about her disability but failed to provide reasonable accommodation. *Valle-Arce v. P.R. Ports Authority*, 651 F.3d 190, 198 (1st Cir. 2011).

---

[2] In her deposition, Plaintiff testified that no one ever commented on her disability, Docket No. 19-1 at 254-55; and the record is devoid of "statements by a decisionmaker that directly reflect the alleged animus *and bear squarely on the contested employment decision*," *Vesprini v. Shaw Contract Flooring Servs., Inc.*, 315 F.3d 37, 41 (1st Cir. 2002) (quotation marks and citations omitted). Absent direct evidence of intentional discrimination, the *McDonnell Douglas* burden-shifting framework governs. *Del Valle-Santana v. Servicios Legales de P.R., Inc.*, 804 F.3d 127, 129 (1st Cir. 2015).

### A. Failure to accommodate

For purposes of this Motion, Defendant assumes that Plaintiff meets the first two prongs of the failure to accommodate test—that she is disabled under the ADA and that she was qualified for the position. Thus, the Court focuses on the third prong: whether Defendant failed to provide reasonable accommodation. Plaintiff argues that, due to a pulmonary condition, she requested reasonable accommodation after Hurricane Maria because "she should not be exposed to vapors, odors, smoke and/or areas of high humidity." Docket No. 19-5; *see also* Docket No. 19-8 at 1. Defendant responded that it could not provide the accommodation as requested, because the nature of her job at the time—reviewing and organizing medical records that got wet during Hurricane Maria— "inevitably impl[ied] contact[] with humidity." Docket No. 19-8. Instead, they placed Plaintiff on unpaid leave for three months, but repeatedly emphasized that she could return to work sooner if she provided a medical certificate authorizing her to do so. *Id.*; *see also* Docket No. 19-9.

Plaintiff argues that, because Defendant did not provide her with a non-humid work area, they failed to reasonably accommodate her. Docket No. 26 at 4. While the ADA compels employers to make reasonable accommodations to an otherwise qualified individual with a disability, it contains an exception if the employer "can demonstrate that the accommodation would impose an undue hardship on [its] operation of the business." *Echevarria v. AstraZeneca Pharm. LP*, 856 F.3d 119, 127 (1st Cir. 2017) (cleaned up). Here, Defendant has done just that, explaining that they could not grant her request given the nature of Plaintiff's job responsibilities at the time and, instead, providing accommodation in the form of medical leave. Docket No. 19-8.

Plaintiff now "bears the burden of showing the existence of a reasonable accommodation," by establishing "not only that [(1)] the proposed accommodation would enable her to perform the

essential functions of her job, but also that, [(2)] at least on the face of things, it is feasible for the employer under the circumstances." *Echevarria*, 856 F.3d at 127 (citations omitted). Plaintiff contends that Defendant "did not include a single document or testimony that shows that the conditions at the hospital were impossible to accommodate [her]." Docket No. 26 at 10. This is untrue. First, Defendant submitted contemporaneous evidence showing that, at the time of the employment decision, they explained to Plaintiff that they were unable to grant her preferred accommodation due to the nature of her work but could, instead, grant her medical leave to give Plaintiff time to recover from her pulmonary condition. *See Echevarria*, 856 F.3d at 128 ("The facts relevant to a determination of whether a medical leave is a reasonable accommodation are the facts available to the decision-maker at the time of the employment decision.") (citations omitted); *Criado v. IBM Corp.*, 145 F.3d 437, 443 (1st Cir. 1998) ("A leave of absence and leave extensions are reasonable accommodations in some circumstances.").

Second, Plaintiff misconstrues the burden, for it is she who "must show, even at the summary-judgment stage, that the requested accommodation is facially reasonable. And, where a plaintiff fails to show facial reasonableness, summary judgment for the defendant is appropriate." *Echevarria*, 856 F.3d at 128 (cleaned up). Plaintiff has provided no evidence to refute Defendant's contention that granting Plaintiff's request was facially unreasonable considering the nature of her job responsibilities at the time. Plaintiff attempts to refute this assertion by noting that Defendant provided reasonable accommodations to another employee, a non-disabled pregnant woman whose doctor disallowed the use of stairs. But this argument is flawed, because the other employee did not request the same accommodation as Plaintiff, but merely asked to work in the first floor to avoid using the stairs. Docket No. 19-11. In sum, Plaintiff was "entitled *only* to a reasonable accommodation and *not* to [her] *preferred* accommodation." *Vande Zande v. State of Wis.*

*Dep't of Admin.*, 851 F. Supp. 353, 360 (W.D. Wis. 1994), *aff'd*, 44 F.3d 538 (7th Cir. 1995) (emphasis added). Because Plaintiff has failed to show that the requested accommodation was facially reasonable, the Court finds that Defendant did provide reasonable accommodation and, thus, Plaintiff's failure to accommodate claim is hereby **DISMISSED WITH PREJUDICE**.

### B. Disability Discrimination

Plaintiff similarly fails to establish a *prima facie* case of discrimination under the ADA because she has not shown "that she was discharged or adversely affected, in whole or in part, because of her disability." *Ruiz Rivera, LLC*, 521 F.3d at 82. While Plaintiff argues that the unpaid leave constitutes an adverse employment action, the Court held above that the leave was a reasonable accommodation, *see supra* II.A; and, thus, Plaintiff has failed to establish that she suffered an adverse employment action due to her disability.[3]

### C. Hostile work environment

To the extent Plaintiff also asserts a hostile work environment claim under the ADA, it fails as well. Such a claim requires a showing that "her workplace was permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of . . . [her] employment and create an abusive working environment." *Colon-Fontanez v. Mun. of San Juan*, 660 F.3d 17, 43 (1st Cir. 2011) (cleaned up). It must be "objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so." *Forrest v. Brinker Int'l Payroll Co., LP*, 511 F.3d 225, 228 (1st Cir. 2007) (citation omitted). In making this determination, courts look at "the severity of the conduct;

---

[3] This conclusion is bolstered by the fact that Plaintiff testified at her deposition that Defendant did not discriminate against her because of her disability. Docket No. 19-1 at 254-55.

its frequency; and whether it unreasonably interfered with the victim's work performance . . . to distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment." *Colon-Fontanez*, 660 F.3d at 44 (cleaned up).

Here, Plaintiff's allegations do not rise to the level of severity or pervasiveness necessary to constitute a hostile work environment. Plaintiff claims that her supervisor would ignore her, fail to make eye contact, reprimand, and yell at her. However, she fails to (1) provide specific examples of any disability-based comments made, (2) attest to the frequency of the alleged conduct, (3) put forth any evidence showing that the conduct was due to her disability, or (4) establish that it altered her work conditions. *See Rodriguez-Fonseca v. Baxter Healthcare Corp. of P.R.*, 899 F. Supp. 2d 141, 152 (D.P.R. 2012) ("An ADA plaintiff must prove . . . the harassment was based on [her] disability.") (citation omitted). Thus, the record does not support a reasonable inference that she was subjected to discrimination, intimidation, or insult sufficiently severe or pervasive to alter the terms of her employment. Even more, while Plaintiff claims that the hostilities began on or around 2014, the only evidence on record of Plaintiff's disability is a medical certificate from 2017. Plaintiff has failed to show that she suffered the disability prior to 2017 or that Defendant was aware of her disability prior to 2017. As such, she cannot establish the necessary causal nexus between the alleged wrongful conduct and her disability. Accordingly, any hostile work environment claim pursuant to the ADA is hereby **DISMISSED WITH PREJUDICE**.

## III.    Age Discrimination – ADEA

Pursuant to the ADEA, it is "unlawful for an employer . . . [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under this statute, an employer may take an adverse action against an employee for any reason, fair or unfair, so long as the action is not

motivated by an age-based discriminatory animus. *Hidalgo v. Overseas Condado Ins. Agencies, Inc.*, 120 F.3d 328, 337 (1st Cir. 1997). Therefore, an employee has the burden of showing, by a preponderance of the evidence, "that age was the 'but-for' cause of the employer's adverse action." *Acevedo-Parrilla v. Novartis Ex-Lax, Inc.*, 696 F.3d 128, 138 (1st Cir. 2012) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Here, because the record contains no evidence of discriminatory statements made by a decisionmaker directly related to the adverse action alleged by Plaintiff, Plaintiff must meet the *McDonnell Douglas* burden-shifting framework, which requires that

> the plaintiff must first make out a prima facie case for age discrimination by showing that (i) she was at least 40; (ii) her work was sufficient to meet the employer's legitimate expectations; (iii) her employer took adverse action against her; and (iv) either younger persons were retained in the same position upon her termination or the employer did not treat age neutrally in taking the adverse action.

*Del Valle-Santana*, 804 F.3d at 129-30 (citation omitted). Establishing a *prima facie* case creates a rebuttable presumption of discrimination and shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer meets this burden of production, the presumption vanishes and the plaintiff "must elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 824 (1st Cir. 1991) (citations omitted); *see St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (finding that claimant must prove "*both* that the reason was false, *and* that discrimination was the real reason.").

A claimant can establish pretext in a number of ways, such as by showing (1) that he was treated differently than other similarly situated employees, *see Kosereis v. Rhode Island*, 331 F.3d 207,

213 (1st Cir. 2003); (2) "that discriminatory comments were made by the key decisionmaker or those in a position to influence the decision maker," *Santiago-Ramos*, 217 F.3d at 55 (citation omitted); or (3) that there are "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons," *id.* at 56 (citation omitted). However, "a court's focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible." *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006) (quotation marks and citations omitted).

The plaintiff always bears the burden of persuasion to show age discrimination. *Gross*, 557 U.S. at 177. In evaluating a motion for summary judgment, "the critical question is whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable factfinder to conclude that [she experienced an adverse employment action] because of [her] age." *Soto-Feliciano v. Villa Cofresi Hotels, Inc.*, 779 F.3d 19, 25 (1st Cir. 2015) (quotation marks and citation omitted).

Here, Defendant contends that Plaintiff has not established that (i) she suffered an adverse employment action, (ii) Defendant did not treat age neutrally, and (iii) Defendant's proffered reasons are pretextual. Docket No. 18 at 36-37. The Court agrees.

First, while Plaintiff appears to allege that placing her on unpaid medical leave constitutes an adverse employment action, the Court found above that it was a reasonable accommodation for Plaintiff's disability. *See supra* II.A. Moreover, nothing in the record suggests that the decision to place her on leave was motivated by Plaintiff's age or that Plaintiff's supervisor, who she alleges was the person who actively discriminated against her, was involved in that decision.

Second, Plaintiff has not "provide[d] sufficient evidence from which a reasonable factfinder could determine that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of . . . [her]

employment and create an abusive working environment." *Rivera-Rivera v. Medina & Medina*, Inc., 898 F.3d 77, 91 (1st Cir. 2018) (cleaned up). For hostile work environment claims, courts look at "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance." *Pomales v. Celulares Telefónica, Inc.*, 447 F.3d 79, 83 (1st Cir. 2006) (citation omitted).

Plaintiff's assertions, once again, do not rise to the necessary level of severity or pervasiveness to sustain a hostile work environment claim under the ADEA. Plaintiff posits that her supervisor would ignore her, fail to make eye contact, unjustifiably criticize her job performance,[4] and yell at her. *See* Docket No. 19-1 at 260. She also contends that her supervisor would tell her she was obsolete, that she should apply to a job in Miami because it was close to her family, that she "didn't see [Plaintiff] working in the department," and that, when Plaintiff would take longer to get to lunch, her supervisor would say "Sara, you're always behind. I think the years are making you slower." *Id.* at 260-61. Plaintiff also submitted sworn declarations from two colleagues who stated that Plaintiff's supervisor (i) once said she wanted to remove Plaintiff from her job because "it was time for her to retire," and (ii) was "aggressively assertive . . . mainly [towards] older employees." Docket Nos. 30-2 at 2; 30-3 at 1.

However, Plaintiff provides less than a handful of specific examples about the alleged discriminatory comments, and none specifically refer to her age in the context of the conditions of her employment nor were they physically threatening. *See Marrero v. Schindler Elevator Corp.*, 494 F. Supp. 2d 102, 110 (D.P.R. 2007) (finding that the ADEA hostile work environment claim failed

---

[4] A reprimand or "criticism that carries with it no consequences is not materially adverse and therefore not actionable." *Bhatti v. Trustees of Bos. Univ.*, 659 F.3d 64, 73 (1st Cir. 2011).

where plaintiff was called "viejo," "viejito," and "viejo pendejo" on a daily basis). It is also not enough to say, in a conclusory fashion, that Plaintiff's supervisor was "mainly" hostile or aggressive towards older employees without explaining what that entailed specifically, especially when it appears that all but two employees in Plaintiff's department were over the protected age group of 40 years old. *See* Docket No. 19-1 at 257-59. Moreover, Plaintiff fails to provide any evidence as to the frequency of the alleged conduct or whether the conduct unreasonably interfered with her job performance. Thus, Plaintiff has not presented sufficient evidence to allow a reasonable inference that Plaintiff was, both subjectively and objectively, subjected to conduct sufficiently severe or pervasive to alter the terms of her employment.

Furthermore, Plaintiff has not shown that Defendant did not treat age neutrally. From Plaintiff's own deposition testimony, it appears that most of the employees in her department were over the protected age group of 40 years old. Docket No. 19-1 at 257-59. While Plaintiff argues that one younger employee was granted a reasonable accommodation because of her pregnancy, this Court has already held that the denial of Plaintiff's preferred accommodation was not an adverse employment action and the employee mentioned was not similarly situated because she requested a different type of accommodation. *See supra* II.A. Finally, Plaintiff submitted a sworn declaration from a colleague stating that her supervisor "had a predilection for younger people" but the only fact supporting that conclusory statement is that, years before, the supervisor's treatment of a newly recruited 23-year old employee "contrasted with the hostile and severe treatment towards the older staff" and that this employee was assigned a supervisory role when "[s]he did not have many skills." Docket No. 30-3 at 2. This is simply insufficient when the record contains no evidence of that employee's qualifications or specific examples of the different treatments afforded to older employees as opposed to younger employees.

Finally, even if the Court assumed *arguendo* that Plaintiff established a *prima facie* case of age discrimination, there is not enough evidence on the record to show, by a preponderance of the evidence, that age was the *but-for cause* of the decision to place Plaintiff on unpaid leave or the alleged hostile work environment. Plaintiff "must do more than cast doubt on the rationale proffered by the employer; the evidence must be of such strength and quality as to permit a reasonable finding that the . . . [the adverse employment action] was *obviously or manifestly unsupported.*" *Ruiz v. Posadas de San Juan Assocs.*, 124 F.3d 243, 248 (1st Cir. 1997). Plaintiff has failed to satisfy this burden.

For these reasons, Plaintiff's ADEA claim is hereby **DISMISSED WITH PREJUDICE**.

## IV.   State Law Claims[5]

### A.   Law 44

Plaintiff asserts a cause of action under Law 44, which is "Puerto Rico's counterpart to the ADA." *Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F. Supp. 2d 151, 175 (D.P.R. 2008) (citation omitted); *see Ruiz Rivera*, 521 F.3d at 87 (1st Cir. 2008) ("Law 44 and the ADA are coterminous."). Because "the elements of proof for a claim under Law 44 are essentially the same as those for establishing a claim under the ADA," *Salgado-Candelario*, 614 F. Supp. 2d at 175 (citations omitted), the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's Law 44 claim for the same reasons it dismisses Plaintiff's ADA claim. *See supra* II.

---

[5] Plaintiff discusses unjust dismissal under Puerto Rico Law 80 in her Opposition to the Motion for Summary Judgment. Docket No. 26 at 16-17. However, this cause of action is not alleged anywhere in the Complaint and, thus, was never asserted before this Court.

## B. Law 100

Plaintiff's claim under Law 100 is subject to the same analysis as those claims under the ADEA. Indeed, "Law 100, for all intents and purposes, is . . . the Puerto Rico equivalent of the federal ADEA." *Rivera-Rivera*, 898 F.3d at 97 (cleaned up); *see Davila v. Corp. de P.R. para la Difusion Publica*, 498 F.3d 9, 18 (1st Cir. 2007) ("On the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous.") (citation omitted). As such, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Law 100 claim for the same reasons it dismisses Plaintiff's ADEA claim. *See supra* III.

## C. Law 115

Finally, "Law 115 protects employees that offer testimony before an administrative, judicial or legislative forum from adverse actions by their employers." *Godoy v. Maplehurst Bakeries, Inc.*, 747 F. Supp. 2d 298, 318 (D.P.R. 2010) (citing P.R. LAWS ANN., tit 29, § 194a). To establish a *prima facie* case under this statute, Plaintiff must show "(1) that she engaged in protected conduct; (2) that she experienced an adverse employment action; and (3) that there was a causal nexus between the protected conduct and the adverse action." *Vazquez-Robles v. CommoLoco, Inc.*, 186 F. Supp. 3d 138, 156-57 (D.P.R. 2016) (citing *Feliciano Martes v. Sheraton*, 182 D.P.R. 368, 396 (2011)). Here, Plaintiff alleges that Defendant retaliated against her for filing a discrimination charge by "unjustifiably delay[ing] her reinstatement by 4 days, . . . not assign[ing] her any duties to do," and giving instructions to her direct supervisor to "mistreat her." Docket No. 26 at 15. However, these do not constitute adverse employment actions.

Adverse employment actions include "discriminatory actions that affect the terms and conditions of employment" such as "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other

Civil No. 19-1038 (JAG)                                                                        15

employees." *Rivera-Rivera*, 898 F.3d at 94 (cleaned up). The record is devoid of any action that

negatively affected Plaintiff's compensation, benefits, or other terms of employment. Adverse

employment actions also include "employer actions that would have been materially adverse to a

reasonable employee, defined as actions that are harmful to the point that they could well dissuade

a reasonable worker from making or supporting a charge of discrimination." *Id.* at 95 (cleaned up).

Plaintiff does not meet this standard either. First, the delay in reinstating Plaintiff was not

unjustifiable because Defendant wanted to ensure that Plaintiff was medically cleared to resume

work, given her documented pulmonary condition and the fact that she would be working in

humid conditions. It took four days to reinstate Plaintiff because that is how long it took *her* to

provide the requested medical certificate.[6] Plaintiff's remaining allegations are too vague and

general—*e.g.*, she does not compare with any specificity her previous workload to the workload

after her reinstatement nor explain what the "mistreatment" consisted of—for a reasonable fact-

finder to conclude that this would dissuade a reasonable employee from complaining about

discrimination. Thus, Plaintiff's Law 115 claim must be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby

**GRANTED**, and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. Judgment shall

be entered accordingly.

---

[6] It is worth repeating that Defendant told Plaintiff several times that she could return to work before the three-month unpaid leave lapsed if she provided a medical certificate authorizing her to do so. Docket Nos. 19-8; 19-9. Thus, Plaintiff had notice that this was a requirement for reinstatement and could have procured the medical certificate sooner.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2021.


                                                     s/ Jay A. Garcia-Gregory
                                                     JAY A. GARCIA-GREGORY
                                                     United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

SARAH VITLLOCH-ROQUE,

    **Plaintiff,**

          v.

METROHEALTH, INC.,

    **Defendant.**

CIVIL NO. 19-1038(JAG)

### JUDGMENT

      Pursuant to this Court's Opinion and Order, Docket No. 40, Judgment is hereby entered DISMISSING WITH PREJUDICE Plaintiff's case. The case is now closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico this Monday, April 12, 2021.

                        s/ Jay A. Garcia-Gregory
                        JAY A. GARCIA-GREGORY
                        U.S. DISTRICT JUDGE